NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOSEPH CRANE,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>M. S. EVANS, et al.,<br><br>　　　　　Defendants. | No. C 07-00763 JF (PR)<br><br>ORDER OF SERVICE;<br>DIRECTING DEFENDANTS<br>TO FILE DISPOSITIVE<br>MOTION OR NOTICE<br>REGARDING SUCH MOTION<br><br>(Docket Nos. 77, 80, 81 & 86) |

Plaintiff, a California prisoner proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. §§ 1983 and 1985(3) against prison officials at Salinas Valley State Prison ("SVSP") in Soledad, California. Plaintiff has been granted leave to proceed in forma pauperis in a separate written order. The Court will order service of the amended complaint on the named Defendants.

**DISCUSSION**

A.　Plaintiff's Claims

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

Order of Service
P:\PRO-SE\SJ.JF\CR.07\Crane763_srv.wpd

1

governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff raises the following three claims as grounds for relief: (1) Defendants' lockdown program violates due process; (2) Defendants are violating the Eighth Amendment by denying Plaintiff his right to outdoor exercise; and (3) Defendants are violating equal protection under Fourteenth Amendment by segregating sensitive needs inmates and denying them equal access to certain programs. The Court finds these allegations, liberally construed, state cognizable claims under § 1983.

Insofar as Plaintiff is trying to allege a conspiracy under 42 U.S.C. § 1985(3), his complaint also is deficient. Section 1985(3) pertains to conspiracy to prevent or hinder state officers from providing equal protection to all persons within the state. The elements of a claim under the first clause of § 1985(3) are: (1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy; and (3) a resulting injury. See Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1141 (9th Cir. 2000). Section 1985(3) provides no substantive rights itself; it merely provides a remedy for violation of the rights it designates. See Great American Federal Savings & Loan Assoc. v. Novotny, 442 U.S. 366, 372 (1979).

The plaintiff asserting a claim under § 1985(3) must be a member of the class discriminated against. RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045, 1055-56 (9th Cir. 2002). This standing requirement may be satisfied if the plaintiff is a member of the

protected class or, alternatively, if the plaintiff can show that he is a member of a class that the government has determined requires and warrants special federal assistance in protecting their civil rights. <u>See id.</u> at 1056 (suggesting a white plaintiff may be able to assert a claim under § 1985(3) for being discriminated against for providing music to a predominately African American clientele). Plaintiff's pleading is inadequate because he has failed to show that "sensitive needs inmates" is such a protected class. <u>See id.</u> Plaintiff's pleading also is inadequate because it contains a mere allegation of conspiracy without factual specificity in support thereof. <u>See</u> <u>Johnson v. California</u>, 207 F.3d 650, 655 (9th Cir. 2000). Accordingly, Plaintiff's § 1985(3) claim is DISMISSED.

Furthermore, because Plaintiff does not have standing to complain about the deprivations of the constitutional rights of others, <u>see</u> <u>Powers v. Ohio</u>, 499 U.S. 400, 410 (1991), all claims asserted by Plaintiff on behalf of other inmates are DISMISSED.

B.   <u>Pending Motions</u>

Plaintiff's motion for an order to allow him to interview witnesses (Docket No. 77) is DENIED as unnecessary. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

Plaintiff's motions for class action status (Docket Nos. 80 and 81) are DENIED. It is well settled that pro se prisoner plaintiffs are not adequate class representatives able to fairly represent and adequately protect the interests of the class. <u>See</u> <u>Oxendine v. Williams</u>, 509 F.2d 1405, 1407 (4th Cir. 1975); <u>see also</u> <u>Russell v. United States</u>, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to represent anyone other than himself"). Therefore class certification may be denied on that basis, <u>see</u> <u>Griffin v. Smith</u>, 493 F. Supp. 129, 131 (W.D.N.Y. 1980) (denying class certification on basis that pro se prisoner cannot adequately represent class).

Defendants' request for clarification (Docket No. 86) is DENIED as moot based on the instant order of service.

//

# CONCLUSION

For the reasons stated above, the Court orders as follows:

1.  The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint in this matter, all attachments thereto, and a copy of this order upon **Warden M. S. Evans, Captain D. M. Mantel, Captain Tucker, Warden Edward Cade, Warden Duncan, and Warden Lamarque at the Salinas Valley State Prison**. The Clerk shall also mail courtesy copies of the complaint and this order to the Attorney General's Office.

2.  No later than **sixty (60) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claim in the complaint as set forth above.

    a.  If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).

    b.  Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.**

3.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.

    a.  In the event Defendants file an unenumerated motion to dismiss

under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

> The Defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the Defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

b.   In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to Plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

1 | Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary
2 | judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and
3 | granting of judgment against plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52,
4 | 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5 |         4.      Defendants shall file a reply brief no later than **fifteen (15) days** after
6 | Plaintiff's opposition is filed.

7 |         5.      The motion shall be deemed submitted as of the date the reply brief is due.
8 | No hearing will be held on the motion unless the Court so orders at a later date.

9 |         6.      All communications by the Plaintiff with the Court must be served on
10 | Defendants, or Defendants' counsel once counsel has been designated, by mailing a true
11 | copy of the document to Defendants or Defendants' counsel.

12 |         7.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
13 | Court informed of any change of address and must comply with the Court's orders in a
14 | timely fashion.  Failure to do so may result in the dismissal of this action for failure to
15 | prosecute pursuant to Federal Rule of Civil Procedure 41(b).

16 |         This order terminates Docket Nos. 77, 80, 81 and 86.

17 |         IT IS SO ORDERED.

18 | DATED:  11/3/08
19 |                                                JEREMY FOGEL
                                                   United States District Judge