NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOSEPH CRANE,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>M. S. EVANS, et al.,<br><br>　　　　Defendants. | No. C 07-00763 JF (PR)<br><br>ORDER GRANTING MOTION TO DISMISS<br><br><br><br><br><br>(Docket No. 101) |

Plaintiff, a California prisoner proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 against Salinas Valley State Prison ("SVSP") officials. Finding the amended complaint, when liberally construed, stated cognizable claims, the Court ordered service upon Defendants M. S. Evans, D. M. Mantel, Tucker, Edward Caden, W.A. Duncan and Lamarque at SVSP. (Docket No. 93.) Defendants filed a motion to dismiss the amended complaint , (Docket No. 101), for failure to exhaust administrative remedies before filing the suit pursuant to 42 U.S.C. § 1997e(a). Plaintiff filed an opposition to Defendants' motion to dismiss, and Defendants filed a reply.

///

///

**DISCUSSION**

A. <u>Standard of Review</u>

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the discretion of the district court. <u>Woodford v. Ngo</u>, 548 U.S. 81, 84 (2006) (citing <u>Booth v. Churner</u>, 532 U.S. 731, 739 (2001)). "Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards." <u>Id.</u> Even when the relief sought cannot be granted by the administrative process, i.e., monetary damages, a prisoner must still exhaust administrative remedies. <u>Id.</u> at 85-86 (citing <u>Booth</u>, 532 U.S. at 734).

The PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies. <u>Id.</u> at 93. This requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." <u>Id.</u> at 84. "The text of 42 U.S.C. § 1997e(a) strongly suggests that the PLRA uses the term 'exhausted' to mean what the term means in administrative law, where exhaustion means proper exhaustion." <u>Id.</u> at 92. Therefore, the PLRA exhaustion requirement requires proper exhaustion. <u>Id.</u> "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." <u>Id.</u> at 90-91 (footnote omitted). Accordingly, the filing of an untimely grievance or appeal is not proper exhaustion. <u>See id.</u> at 92. A prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. <u>See id.</u> at 87; <u>see also</u> <u>Johnson v. Meadows</u>, 418 F.3d 1152, 1159 (11th Cir. 2005) (holding that, to exhaust remedies, a prisoner must file appeals in the place, and at the time, the prison's administrative rules require); <u>Ross v. County of Bernalillo</u>, 365 F.3d 1181, 1185-86 (10th Cir. 2005) (same).

1    The State of California provides its inmates and parolees the right to appeal
2 administratively "any departmental decision, action, condition, or policy which they can
3 demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15,
4 § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging
5 misconduct by correctional officers. See id. § 3084.1(e). In order to exhaust available
6 administrative remedies within this system, a prisoner must proceed through several
7 levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate
8 appeal form, (3) second level appeal to the institution head or designee, and (4) third level
9 appeal to the Director of the California Department of Corrections and Rehabilitation. Id.
10 § 3084.5; Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). This satisfies the
11 administrative remedies exhaustion requirement under § 1997e(a). Id. at 1237-38.

12    Nonexhaustion under § 1997e(a) is an affirmative defense. Jones v. Bock,
13 127 S. Ct. 910, 922-23 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).
14 Defendants have the burden of raising and proving the absence of exhaustion, and
15 inmates are not required to specifically plead or demonstrate exhaustion in their
16 complaints. Jones, 127 S. Ct. at 921-22. As there can be no absence of exhaustion unless
17 some relief remains available, a movant claiming lack of exhaustion must demonstrate
18 that pertinent relief remained available, whether at unexhausted levels or through
19 awaiting the results of the relief already granted as a result of that process. Brown v.
20 Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005).

21    A nonexhaustion claim should be raised in an unenumerated Rule 12(b) motion
22 rather than in a motion for summary judgment. Wyatt, 315 F.3d at 1119. In deciding
23 such a motion – a motion to dismiss for failure to exhaust nonjudicial remedies – the
24 court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20.
25 If the court concludes that the prisoner has not exhausted nonjudicial remedies, the proper
26 remedy is dismissal without prejudice. Id. at 1120.

27 B.    Legal Claims

28    Plaintiff alleged the following cognizable claims in the amended complaint: (1)

1  Defendants' lockdown program violates due process; (2) Defendants are violating the
2  Eighth Amendment by denying Plaintiff his right to outdoor exercise; and (3) Defendants
3  are violating equal protection under Fourteenth Amendment by segregating sensitive
4  needs inmates and denying them equal access to certain programs.

5  Defendants argue that Plaintiff failed to properly exhaust any of these claims
6  through the administrative grievance process at SVSP prior to filing suit.  Defendants
7  have provided the declarations of E. Medina, the Inmate Appeals Coordinator at SVSP,
8  and N. Grannis, the Chief of the Inmate Appeals Branch, sufficient to show that Plaintiff
9  exhausted only one administrative grievance prior to filing this action, specifically inmate
10 appeal no. 06-01104 which concerned a rules violation report for Plaintiff's refusal to
11 work. (See Grannis Decl. at 2) (Docket No. 102).  Defendants contend that the grievance
12 attached to Plaintiff's amended complaint, *i.e.*, inmate appeal no. 07-03411 (Am. Compl.
13 at 50), which concerns SVSP officers' manipulation of employment hours, does not
14 constitute proper exhaustion because it was exhausted on January 18, 2008, which is
15 almost a year after Plaintiff filed the instant action on February 6, 2007.

16 In his opposition, Plaintiff argues that he has fulfilled the exhaustion requirements
17 through various means.  Plaintiff claims that he first filed a grievance on June 8, 2004
18 regarding the lockdown situation at SVSP, but that he never received a response to the
19 appeal. (Pl.'s Oppo. at 3.)  Next Plaintiff argues that he filed a group appeal on which he
20 was the second inmate listed.  Plaintiff claims that this group appeal was answered at the
21 second level, but that he was never notified as to the outcome of the appeal.  (Id.)
22 Thirdly, Plaintiff identifies various inmate appeals which he claims are exhausted.  Lastly
23 Plaintiff claims that the filing of habeas petitions satisfied the exhaustion requirement.
24 This last argument is without legal basis or merit.

25 The Court does not find any of Plaintiff's arguments in opposition persuasive.
26 Plaintiff offers no explanation as to why he did not pursue the lack of response of the
27 June 8, 2004 grievance or that no remedies remained available to him at the time.  With
28 respect to the group appeal, the records submitted by Defendants show that the appeal

1  was voluntarily withdrawn by the submitting inmate, who is responsible for sharing
2  written responses with other inmates in accordance with prison regulations.  (See Medina
3  Decl. at 4; Ex. C.)  The fact that Plaintiff was not personally informed of the outcome of
4  this group appeal does not constitute an exception to the exhaustion requirement.
5  Furthermore, since the group appeal was withdrawn, it was never exhausted and therefore
6  cannot constitute exhaustion of any of Plaintiff's claims in this action.  Plaintiff also
7  mentions a grievance filed in June 2006, which Defendants identify as inmate appeal no.
8  06-01952.  Defendants argue this appeal was screened out twice at the second level
9  review because Plaintiff changed the issues grieved at the first level, and that Plaintiff
10 never appealed the matter further.  (See Medina Decl. at 2l Ex. B1.)  Plaintiff does not
11 dispute his failure to appeal the matter to the Director's Level Review.  Lastly, Plaintiff
12 asserts that appeals which he filed in August 2007 constitute exhaustion of his claims.
13 However, as Defendants have shown, these appeals were not exhausted until December
14 2007, which is well after Plaintiff filed this action in February 2007.  It is clear that
15 Plaintiff failed to properly exhaust his administrative remedies at the time he filed the
16 instant complaint.  See Ngo, 548 U.S. at 84.

17     Because Plaintiff failed to exhaust his administrative remedies with respect to his
18 prison claims, Defendants' motion to dismiss the complaint (Docket No. 101) is
19 GRANTED.  See 42 U.S.C. § 1997e(a).  This action is DISMISSED without prejudice to
20 Plaintiff refiling after all available administrative remedies have been properly exhausted.
21 Wyatt, 315 F.3d at 1120.

**CONCLUSION**

23     For the foregoing reasons, the motion to dismiss by Defendants M. S. Evans, D.
24 M. Mantel, Tucker, Edward Caden, W.A. Duncan and Lamarque for failure to exhaust
25 administrative remedies (Docket No. 101) is GRANTED.  The claims against them are
26 DISMISSED without prejudice.
27     IT IS SO ORDERED.
28 DATED: 9/22/09

JEREMY FOGEL
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RICHARD J CRANE,

        Plaintiff,

  v.

M. S. EVANS, et al.,

        Defendants.

Case Number: CV07-00763 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on   9/22/09  , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Richard J. Crane C-44519
High Desert State Prison
P.O. Box 3030
Fac. "B" Bldg. #4, Cell #136
Susanville, CA 96127-3030

Dated:   9/22/09

                                                      Richard W. Wieking, Clerk